ERNESTO GARCÍA COLÓN y la SOCIEDAD LEGAL DE BIENES GANANCIALES compuesta por él y su esposa AWILDA SANTIAGO, en representación de sus hijos ERNEST-WILDA, ERNESTO, JORGE RAFAEL, de apellidos GARCÍA SANTIAGO, y ERNESTO GARCÍA LÓPEZ y sus padres ALEJANDRINO GARCÍA y JUANA COLÓN RODRÍGUEZ, demandantes y recurridos, *v.* FILIPO DE JESÚS LÓPEZ y la SOCIEDAD LEGAL DE BIENES GANANCIALES compuesta por él y su esposa JANE DOE, por desconocerse su verdadero nombre, GULF CONSOLIDATED SERVICES y XYZ COMPAÑÍA ASEGURADORA, por desconocerse su verdadero nombre, demandados y recurrentes.

*Número:* RE-89-312      *Resuelto:* 29 de septiembre de 1989

*Mario J. Pabón,* de *O'Neill & Borges,* abogado de los recurrentes; la parte recurrida no compareció.

## RESOLUCIÓN

A la tercera moción de reconsideración, no ha lugar.

Se le impone a la representación legal de la parte recurrente una sanción de $500 a favor del señor Secretario de

---

Hacienda de Puerto Rico, la cual deberá depositar en la Secretaría de este Tribunal dentro de un término no mayor de quince (15) días contados a partir de la notificación de esta resolución.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió voto concurrente, al cual se unen el Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Hernández Denton. El Juez Asociado Señor Rebollo López emitió voto disidente.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Voto concurrente del Juez Asociado Señor Negrón García, al cual se unen el Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Hernández Denton.

I

La imposición en este caso de una sanción económica de $500 a la representación legal de los demandados recurrentes De Jesús López y otros, en ocasión de denegar una *tercera* moción de reconsideración, procede como medida disuasiva con miras a poner fin a la litigación en este Foro apelativo.

*La práctica no es nueva.* Ya se ha dado en otros casos. Un inventario rápido de los archivos en la Secretaría revela que el 24 de marzo de 1988, por unanimidad, en el Recurso RE-87-571, el abogado del demandante recurrente fue sancionado con $100 en ocasión de presentar una *cuarta* moción de reconsideración; el 14 de octubre de 1988, en el Recurso CE-88-309, la representación legal de los peticionarios fue sancionada en $500 ante una *cuarta* moción de reconsideración, y el 12 de enero de 1989, en el Recurso RE-88-424, ante una *tercera* moción de reconsideración se impuso una sanción de $300 a los abogados de los demandantes recurrentes.

La resolución hizo constar que el Juez Asociado Señor Negrón García reconsideraría y que el Juez Asociado Señor Rebollo López ordenaría el desglose de la moción de reconsideración. Los Jueces Asociados Señores Hernández Denton y Alonso Alonso no intervinieron.

Esta facultad no puede quedar subsumida ni derogada por razón de la resolución emitida el 27 de enero de 1989 en el controversial caso sobre la Ley de Cierre, Recurso CE-86-430, *Pueblo Int'l, Inc. v. Srio. de Justicia*, 123 D.P.R. 179 (1989). Como demostraremos, la naturaleza y situación *peculiar* en torno al trámite decisorio allí habido no es buen precedente ni fundamento para elaborar una tesis de inconsistencia institucional al respecto ni para descartarla.

De hecho, con posterioridad a esa fecha, el 9 de febrero de 1989, en el Recurso RE-88-424, el Tribunal aceptó el pago de una sanción de $300 que se impuso a los abogados de los demandantes recurrentes ante una *tercera* moción de reconsideración. Sólo el Juez Asociado Señor Rebollo López hizo constar que relevaría a la representación legal de la parte recurrente de esa sanción en vista del dictamen del Tribunal antes aludido en *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra. Y el 4 de agosto de 1989, en el Recurso RE-89-220, la Sala especial de verano integrada por su Presidente, el Juez Asociado Señor Ortiz, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Alonso Alonso, al denegar una *tercera* moción de reconsideración, impuso a los abogados de la parte demandante recurrente una sanción de $500. Finalmente, en fecha tan reciente como el 17 de agosto de 1989, por unanimidad, la otra Sala especial de verano compuesta por los Jueces Asociados Señores Rebollo López, Hernández Denton, Alonso Alonso y el que suscribe, adoptó igual curso de acción ante una *cuarta* solicitud de reconsideración en el Recurso RE-89-213 e impuso una sanción de $250 a los abogados de la demandada recurrente.

## II

En resumen, la imposición de sanciones económicas al declarar sin lugar terceras y cuartas mociones de reconsideración ha sido norma y práctica aceptada. El que en determinado caso uno (1) o más Jueces discrepen, no erosiona su vigencia y utilidad. Tampoco la desvirtúa lo resuelto en *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra. Veamos.

La sentencia confirmatoria en dicho caso fue dictada el 23 de noviembre de 1988 *por estar igualmente dividido* el Tribunal ante la inhibición de la Juez Asociada Señora Naveira de Rodón. El 20 de enero de 1989 declaramos sin lugar la *primera reconsideración* de los demandantes apelados Pueblo International, Inc. y otros. Los Jueces participantes reiteraron sus respectivas posiciones y la Juez Asociada Señora Naveira de Rodón su inhibición. Se instruyó a Pueblo International, Inc. a que se atuviera a lo resuelto y ordenamos la remisión inmediata del mandato. En esa etapa, se agudizaron las discrepancias originales, al extremo de que el Juez Presidente Señor Pons Núñez emitió un voto explicativo, al cual se unió el Juez Asociado Señor Alonso Alonso, y este magistrado suscribió un voto concurrente.

Subsiguientemente, en tiempo, los demandantes apelados Pueblo International, Inc. y otros nos solicitaron la devolución del mandato, presentaron una *segunda* reconsideración y, además, solicitaron la paralización de los efectos de la sentencia por seis (6) meses. Nuevamente los Jueces ratificaron sus posiciones sobre la constitucionalidad o no de la Ley de Cierre y, por igual votación, con la inhibición de la Juez Asociada Señora Naveira de Rodón, fue denegada la reconsideración. En esa resolución se advirtió a las partes —en particular a Pueblo International, Inc. y a su representación legal— "bajo apercibimiento de sanciones económicas [que] deber[í]an atenerse a lo resuelto". *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra, pág. 202. El Juez Asociado Señor

Rebollo López, mediante voto particular, consignó, entre otros pronunciamientos, su criterio de que hubiese desglosado el último escrito de Pueblo International, Inc. y hubiese impuesto severas sanciones económicas y disciplinarias a éste y a sus abogados. Fundó su parecer en que una conducta similar había generado la imposición de sanciones en otros casos y no existía razón para actuar en forma distinta. El Juez Asociado Señor Ortiz coincidió en cuanto a ese extremo. Así apercibidos, Pueblo International, Inc. y las demás partes acataron la resolución y el caso reposó en nuestros tribunales.

### III

Se advierten, pues, las notables diferencias entre el caso de autos y el de *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra. El planteamiento de inconstitucionalidad, la pluralidad de criterios jurídicos, las divergencias internas existentes, la inhibición de un miembro del Tribunal y el empate habido explican satisfactoriamente las razones por las cuales —excepto los Jueces Asociados Señores Rebollo López y Ortiz— la mayoría se abstuvo de imponer sanciones en esa etapa. Claro está, el acatamiento de Pueblo International, Inc. de nuestra última resolución hizo innecesario un pronunciamiento posterior al efecto.

Desde el punto de vista doctrinario la lección es clara. La imposición de sanciones económicas no es dictamen de carácter automático o absoluto. Las instancias apuntadas reflejan que el tamaño de la vara judicial sigue siendo el mismo; sólo cambian las dimensiones del objeto medido —el recurso— y la extensión de cada recurso es única. Depende del trámite habido, de los señalamientos, del grado de temeridad del recurrente, de los apercibimientos —si algunos— y, claro está, de la apreciación individual de cada magistrado sobre los méritos del reclamo primario que —sumado o restado al de los demás— cuaja como dictamen unánime colegiado o sim-

plemente como el sentir mayoritario con sus expresiones disidentes.

Reconocida nuestra falibilidad humana —y, como corolario, el deber de rectificar errores judiciales— la resolución de hoy dista mucho de ser caracterizada como hija de la irreflexión, producto de un capricho o el resultado de una actuación inconsistente. Por sus trasfondos, méritos, el interés público y la forma de votación, el caso *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra, y el de autos no guardan semejanza ni son remotamente comparables.

—O—

Voto disidente emitido por el Juez Asociado Señor Rebollo López.

Mediante Resolución de 24 de agosto de 1989 el Tribunal, al denegar la segunda moción de reconsideración que radicara la parte demandada recurrente, le ordenó a ésta que se atuviera a lo resuelto. Ello no obstante, dicha parte radicó ante este Tribunal una tercera moción de reconsideración. En vista de ello, el Tribunal en el día de hoy ha entendido procedente imponerle a la representación legal de la parte demandada recurrente una sanción económica de $500. DISENTIMOS. Veamos por qué.

I

El más alto tribunal apelativo del País, como máximo responsable de la calidad de la justicia que se dispensa en el mismo, viene en la obligación —entre otras— de ser *consistente* en sus decisiones. Aun cuando es correcto que el Tribunal no puede atarse, inflexible e inexorablemente, a lo resuelto en el pasado y que el ser consistente no constituye garantía absoluta de la corrección de las decisiones que emitimos, *la consistencia en nuestras decisiones y actuaciones resulta ser indispensable para la estabilidad, confiabilidad y credibilidad de nuestro sistema de justicia.*

En lo individual, el ser consistentes nos brinda tranquilidad de consciencia y nos permite dormir tranquilos. *La inconsistencia puede resultar en la injusticia*. Debemos, en consecuencia, siempre tratar de utilizar la "misma vara de medir" con todos aquellos que acuden a nuestra puerta en busca de que se les haga justicia.

## II

El pasado *27 de enero de 1989*, en el voto particular que emitiéramos en el caso de *Pueblo Int'l, Inc. v. Srio. de Justicia*, 123 D.P.R. 179, 205–206 (1989) —al expresarnos en relación con una moción de reconsideración que ante este Tribunal había radicado la parte demandante apelada *en violación* de una orden de "atenerse a lo resuelto"— señalamos:

> Por último, deseamos hacer constar nuestro disenso *respecto a la decisión del Tribunal de no actuar en estos momentos respecto a la violación por parte de los demandantes apelados, y sus abogados, de los claros términos de nuestra Resolución de 20 de enero de 1989*. En dicha resolución específicamente se le ordenó a la parte demandante apelada a "atenerse a lo resuelto" y se le instruyó al Secretario General del Tribunal para que procediera de inmediato a "la remisión del mandato en el caso de epígrafe". Resolución de 20 de enero de 1989, pág. 180.
>
> La radicación de la moción de reconsideración por parte de los demandantes apelados constituye una evidente violación a dicha resolución *y, en nuestra opinión, ameritaba no sólo que se hubiera ordenado, sin ulterior trámite y consideración, el desglose de dicho escrito, sino la imposición de severas sanciones económicas y disciplinarias a la parte apelada y a sus abogados*.
>
> *Ello lo hemos hecho en el pasado en ocasiones en que otras partes y otros abogados han incurrido en conducta similar. No hay razón alguna para actuar en forma distinta en el presente caso*. (Énfasis suplido.)

## III

Debe mantenerse presente que aun cuando en el caso de *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra, el Tribunal se encontraba dividido en lo referente a la cuestión constitucional planteada en el mismo, *la orden dirigida a la parte demandante apelada (Pueblo) a los efectos de que se atuviera a lo resuelto fue una suscrita y endosada por todos los Jueces que participaron en el caso*. Es por ello que al igual que en otros casos anteriores al de *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra —enumerados en el voto concurrente emitido por el Juez Asociado Señor Negrón García en el citado caso— sin lugar a dudas procedía la imposición de sanciones económicas a la representación legal de dicha parte. Se trataba igualmente de una violación crasa e injustificada de una orden de este Tribunal. La mayoría no tomó acción alguna respecto a la misma. Desconocemos la razón para dicha actuación inconsistente. Únicamente se nos ocurre pensar que la inexplicada actuación de la mayoría de los integrantes del Tribunal en dicho caso respondió a un cambio de política sobre esta clase de situación por parte del Tribunal.

¿Por qué luego el viraje repentino? ¿Por qué la "excepción" en el caso de *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra? ¿En qué se diferencia la actuación de la representación legal de la parte demandante apelada en el caso de *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra, a la realizada por la representación legal de otras partes en casos anteriores y posteriores a éste? ¿Acaso no se trata del mismo tipo de conducta censurable? ¿Por qué la inconsistencia? No lo sabemos. Inexplicablemente *no* se ha utilizado "la misma vara" por la mayoría de los integrantes del Tribunal.

## IV

No hay duda de que tenemos el poder —*y hasta la obligación*— de rectificar nuestros errores. Ello requiere, sin

embargo, el deber de actuar, *desde un principio*, en forma responsable y ponderada, a diferencia de festinadamente. Esto es, la rectificación en la mayor parte de las ocasiones resulta ser innecesaria si actuamos pensadamente. Por otro lado, la decisión de rectificar o de tomar un curso de acción distinto a uno anterior no puede tener como base el mero capricho. En otras palabras, debe existir una razón o fundamento jurídico para ello. Después de todo, no debe olvidarse que nuestra discreción *no* es ilimitada; hay que recordar que existe tal cosa como el abuso de la discreción judicial.

## V

*No objetamos la imposición en sí de la sanción económica.* No hay duda que, al igual que en el caso de *Pueblo Int'l, Inc. v. Srio. de Justicia*, supra, los abogados hoy sancionados *impunemente violaron* nuestra orden de "atenerse a lo resuelto". *Lo que objetamos vehementemente es la inconsistencia del Tribunal en relación con esta clase de situación.* Es por ello que disentimos.